

STATE OF RHODE ISLAND  AND PROVIDENCE PLANTATIONS

# SUPERIOR COURT

___ *Providence/Bristol County*
Licht Judicial Complex
250 Benefit Street
Providence, Rhode Island 02903

X *Kent County*
Kent County Courthouse
222 Quaker Lane
Warwick, Rhode Island 02886

___ *Newport County*
Murray Judicial Complex
45 Washington Square
Newport, Rhode Island 02840

___ *Washington County*
McGrath Judicial Complex
4800 Tower Hill Road
Wakefield, Rhode Island 02879

CIVIL ACTION, FILE NO. KC-11-557

Sophin In et al
**Plaintiff**

Harmon Law Offices, PC et al
**Defendant**

}

## *Summons*

*To the above-named Defendant:*

The above-named Plaintiff has brought an action against you in said Superior Court in the county indicated above. You are hereby summoned and required to serve upon ___George E. Babcock, Esq.___ Plaintiff's attorney, whose address is ___574 Central Avenue___ ___Pawtucket, RI 02861___ an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a), unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation, or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

___Edward D Journe___,
CLERK

Dated: ___July 05, 2011___

(Seal of the Superior Court)

> **EXHIBIT**
> **A**

SR-135
Superior 1 (revised May 2010)

STATE OF RHODE ISLAND
KENT, SC.

KENT SUPERIOR COURT
FILED

11  MAY -6  PM 12: 30

SUPERIOR COURT

Sophin In and Hui Ly

EDWARD C. MEDEIROS, CLERK

VS.

C.A. NO. KC-2011-557

Mortgage Electronic Registration Systems, Inc.;
OneWest Bank, FSB; Harmon Law Offices, PC;
and Federal National Mortgage Association

## COMPLAINT FOR DECLATORY JUDGMENT
## AND INJUNCTIVE RELIEF PURSUANT TO THE
## PROVISIONS OF §9-30-1. et. seq. of THE
## GENERAL LAWS OF THE STATE OF RHODE ISLAND

**This claim is brought pursuant to the provisions of the Declaratory Judgment Act
and as such fall within the jurisdiction of this Honorable Superior Court.**

### The Parties

1.  Sophin In and Hui Ly ("In") is a resident of the Town of West Warwick, County of
Kent, State of Rhode Island.  The subject property is located at 22 Iron Drive, West
Warwick, Rhode Island.

2.  Mortgage Electronic Registration Systems, Inc. ("MERS") has a mailing address of
PO Box 2026, Flint, Michigan 48501. MERS was the mortgagee in the subject
mortgage acting solely as a nominee for Lender.  MERS allegedly assigned said
mortgage to OneWest.

3.  OneWest Bank, FSB ("OneWest") has a mailing address of 888 E. Walnut Street,
Pasadena, Ca 91101.  OneWest allegedly received an assignment from MERS.

4.  Harmon Law Offices, PC ("Harmon") has a mailing address of 150 California Street,
Newton, MA 02458.  Harmon allegedly executed the assignment for MERS.

5.  Federal National Mortgage Association ("FNMA") is has a mailing address of 14221
Dallas Parkway, Suite 1000, Dallas, TX 75254.  FNMA allegedly received an
assignment from OneWest.

### Jurisdiction

6.  The amount in controversy is sufficient to invoke the jurisdiction of this Court.

7. The subject matter of this complaint is proper to invoke the Equitable Jurisdiction of this Court.

8. All of the parties named herein have sufficient minimum contacts with the State of Rhode Island to render them subject to its jurisdiction.

9. This Court has subjected matter jurisdiction over the matters in this complaint pursuant to the following statutes:

   a. The provisions of R.I.G.L. §8-2-14 and R.I.G.L. §8-2-13, grant the Superior Court jurisdiction over questions of law and equity. The Plaintiff is asking this Court, inter alia, to restrain the certain defendants from foreclosing on the subject property.

   b. The provisions of the Declaratory Judgment Act, R.I.G.L. §9-30-1 et seq., grant the Court jurisdiction to determine certain legal questions relating to the property rights of the Plaintiff and the Defendants under certain contracts, assignments, power of attorneys, and deed. Plaintiff asks that the foreclosure deed, the alleged assignments, and power of attorney, or lack thereof, and mortgage deed be declared invalid.

## Facts

10. On March 15, 2007, In executed a mortgage (the "Mortgage") which named MERS, acting solely as the nominee for Lender and Lender's successors and assigns. MERS was clearly named as the Mortgagee and not named as the Lender.

11. In the mortgage the Lender is identified as IndyMac.

12. On or about December 9, 2009, MERS attempted to assign this Mortgage to OneWest. ("Assignment") Thomas J. Walsh signed. Thomas J. Walsh had no authority to assign.

13. Thomas J. Walsh was an attorney at Harmon, not a Vice-President or Assistant Secretary of MERS.

14. Harmon is located in Middlesex County, MA.

15. MERS is located in Flint, Michigan and/or Reston, Virginia.

16. The document was notarized in Middlesex County, MA, not Flint Michigan or Reston Virginia.

17. OneWest ordered the assignment to OneWest.

18. MERS did not order the assignment to OneWest.

19. Harmon was attempting to assign the mortgage for OneWest, not MERS.

20. No power of attorney from MERS to either Thomas J. Walsh or Harmon is recorded and referenced in the subject assignment.

21. The referenced corporate resolution is of no force and effect.

22. The FDIC closed IndyMac in June, 2008.

23. Any transfers of IndyMac assets after June, 2008 must be approved by the FDIC.

24. The FDIC did not execute the subject assignment.

25. MERS cannot assign anything it does not own.

26. MERS never holds the beneficial interest in the subject property.

27. The beneficial interest in the property can only be transferred through negotiation of the promissory note.

28. An assignment of the mortgage without a corresponding negotiation of the promissory note is a nullity.

29. The assignment is void pursuant to R.I.G.L. 34-11-1.

30. The "Assignment" is fatally flawed in its execution and effect by virtue of the fact that is was not assigned by the mortgagee as required by **General Laws of Rhode Island at §34-11-24.**

31. OneWest never received any interest in the property to transfer to FNMA.

32. FNMA never held the legal or beneficial interest in the subject premises.

33. FNMA had no standing to foreclose.

34. The Mortgage, at page 1, defines the Lender as IndyMac.

35. The Mortgage contains language that provides for the Statutory Power of Sale in the event of a default on the note by In.

36. At Paragraph 22 of the Mortgage, entitled "Acceleration; Remedies", it states that **"Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The**

notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law, Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expense of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it." (emphasis added)

37. The mortgage does not state anywhere that the mortgagee or its assigns may invoke the Statutory Power of Sale.

38. The Lender never invoked the statutory power of sale in this matter.

39. The Lender never mailed a notice of sale to the Borrower.

40. The Lender never published the notice of sale.

41. MERS, which is not the Lender, wrongly and without contractual or statutory authority, attempted to invoke the power of sale.

42. MERS, which is not the Lender, wrongly published the notice of sale without contractual or statutory authority.

43. The actions taken by MERS are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the note and the mortgage.

44. FNMA, which is not the Lender, wrongly and without contractual or statutory authority, attempted to invoke the power of sale.

45. FNMA, which is not the Lender, wrongly published the notice of sale without contractual or statutory authority.

46. The actions taken by FNMA are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the note and the mortgage.

47. Harmon, which is not the Lender, wrongly and without contractual or statutory authority, attempted to invoke the power of sale.

48. Harmon, which is not the Lender, wrongly published the notice of sale without contractual or statutory authority.

49. The actions taken by Harmon are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the note and the mortgage.

50. OneWest, which is not the Lender, wrongly and without contractual or statutory authority, attempted to invoke the power of sale.

51. OneWest, which is not the Lender, wrongly published the notice of sale without contractual or statutory authority.

52. The actions taken by OneWest are without any force or effect relative to the invocation of the statutory power of sale or the actual sale of the property because it is not now, nor has it ever been the Lender as defined by both the note and the mortgage.

53. The foreclosure sale was not noticed or scheduled or advertised as required by the Note and Mortgage.

54. To foreclose pursuant to §34-11-22, the language of the Statute and the Note and Mortgage must be followed to the letter.

55. The foreclosure is not in compliance with statutory mandates and is not in compliance with the plain language in the Note and Mortgage.

56. MERS has no standing to foreclose.

57. Harmon has no standing to foreclose.

58. OneWest has no standing to foreclose.

59. FNMA has no standing to foreclose.

60. The Lender in this case was the only party, pursuant to the plain language of the mortgage, which was prepared by and used by the Defendant or Defendants, and in the event of any inconsistencies in said document, said inconsistencies and the results thereof are the fault of the Defendant or Defendants and the negative results thereof shall be construed against the Defendant or Defendants.

61. The facts and documents relative to this matter establish that any foreclosure relative to this property must be done judicially and not by way of advertisement and auction due to failure to exactly follow the letter of the law.

62. This claim is brought pursuant to the provisions of the Declaratory Judgment pursuant to the act.

63. This is a justiciable controversy and is appropriate for Declaratory Judgment pursuant to the act.

64. The note is current or has been satisfied by Plaintiff or another third party.

65. Seacoast never transferred possession of or negotiated the promissory note to OneWest, FNMA, or MERS.

66. FNMA does not possess the promissory note.

67. The promissory note was never specially endorsed to FNMA.

68. FNMA does not have the right to enforce the promissory note.

69. The note is no longer recognized as an asset or account receivable of FNMA.

70. The note was no longer recognized as an asset or account receivable of IndyMac.

71. The note was no longer recognized as an asset or account receivable of OneWest.

72. FNMA does not hold the note.

73. The mortgage is unsecured.

74. The mortgage is void due to fraud.

75. The mortgage is void pursuant to R.I.G.L. 34-11-1.

76. The mortgage is unsecured pursuant to R.I.G.L. 34-4-11.

77. The note is void due to fraud.

78. IndyMac was not the true Lender in the underlying mortgage transaction.

79. The funds to fund the transaction came from a third party, not IndyMac.

## COUNT I
## Declaratory Judgment

80. The Plaintiff herein reincorporates paragraphs 1-79 as if they are fully articulated herein.

81. By virtue of these facts and the legal consequence thereof, the foreclosure failed to vest title in FNMA or the successful bidder at the foreclosure sale.

82. In owns the subject property.

**WHEREFORE**, Plaintiff prays this Court to issue an order, pursuant to the

Uniform Declaratory Judgment Act, as follows:

    a. That judgment enters for Plaintiff on Plaintiff's Complaint regarding title to and ownership of the subject property.
    b. That the Court finds that Plaintiff owns the property as a matter of law.
    c. That the foreclosure sale be voided.
    d. Only Plaintiff has marketable title pursuant to R.I.G.L. §34-13-1-1, et al.
    e. That the Court or other trier of fact order the defendants to pay Plaintiff's damages, which it deems appropriate.
    f. Declare the conveyance void pursuant to R.I.G.L. §34-11-1.
    g. Declare the assignment void pursuant to R.I.G.L. §34-11-1 and §34-11-24.
    h. Declare the acknowledgment void pursuant to R.I.G.L. §34-12-1, et al.
    i. That the Court or other trier of fact award Plaintiff's costs, including reasonable attorney's fees.

Plaintiffs
By their Attorney,

George E. Babcock, Esq. (#3747)
Corey J. Allard, Esq. (#7476)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

## COUNT II
## Quieting Title
## Rhode Island General Law §34-16-5

83. The Plaintiffs herein reincorporate paragraphs 1-82 as if they are articulated herein.

84. The real estate at issue is a residential property located at 22 Iron Drive, West Warwick, RI.

76. FNMA or its successors claim to have the right to foreclose on the property. The address of FNMA is set forth hereinabove.

77. Plaintiff purchased the property on June 19, 2000.

78. FNMA or the successful bidder at the foreclosure sale took a foreclosure deed.

**WHEREFORE**, Plaintiffs pray for the following relief:

    a. That judgment enters for Plaintiff on Plaintiff's complaint regarding title and ownership of the subject property.

    b. That the Court finds that Plaintiff owns the property as a matter of law.

    c. That the Court order any foreclosure sale voided.

    d. That the Court enters an order quieting title to this property specifying that Plaintiff owns a fee simple interest in the subject property.

    e. That the Court or other trier of fact award Plaintiff costs, including reasonable attorney's fees.

Plaintiffs
By their Attorneys,

George E. Babcock, Esq. (#3747)
Corey J. Allard, Esq. (#7476)
574 Central Avenue
Pawtucket, RI 02861
(401)724-1904

Dated:

**The Plaintiff Demands a Trial by Jury.**

# 2. MORTGAGE

After recording please return to:

INDYMAC BANK, F.S.B., C/O DOCUMENT
MANAGEMENT
*[Company Name]*

Received in West Warwick R.I.
Date Mar 20,2007 Time 11:56:53A

INST: 00001905
Bk: 1845 Pg: 54

*[Name of Natural Person]*

BLDG B, 901 E 104TH ST, SUITE 400/500
*[Street Address]*

KANSAS CITY, MO 64131
*[City, State Zip Code]*

_____ *[Space Above This Line For Recording Data]* _____

# MORTGAGE

**DEFINITIONS**

MIN  100055401257843898

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11,
13, 18, 20 and 21.  Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A)     "**Security Instrument**" means this document, which is dated          March 15, 2007
together with all Riders to this document.

(B)     "**Borrower**" is SOPHIN IN AND HUE LY
HUS
HL

Borrower is the mortgagor under this Security Instrument.

(C)     "**MERS**" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns.  **MERS is the mortgagee under this Security
Instrument.**  MERS is organized and existing under the laws of Delaware, and has an address and telephone
number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D)     "**Lender**" is INDYMAC BANK, F.S.B., A FEDERALLY CHARTERED SAVINGS BANK

Lender is a Federal Savings Bank                               organized and existing under the laws of
United States of America                        .  Lender's address is 155 NORTH LAKE
AVENUE, PASADENA, CA 91101

Loan No: 125784389

Rhode Island Mortgage-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          MERS Modified Form 3040 01/01 (Rev. 21/02)
—THE COMPLIANCE SOURCE, INC.—                                Page 1 of 13                           14851RI 10/02 (Rev. 10/02)
www.compliancesource.com                                                                        ©2002, The Compliance Source, Inc.

SIN

H.L

Bk # 1845 Ps# 55

(E) "Note" means the promissory note signed by Borrower and dated **March 15, 2007**. The Note states that Borrower owes Lender **two hundred twenty four thousand and NO/100ths** Dollars (U.S. $ **224,000.00** ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **April 1, 2037**.

(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."

(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider     ☐ Condominium Rider     ☐ Second Home Rider
☐ Balloon Rider     ☐ Planned Unit Development Rider     ☐ Biweekly Payment Rider
☐ 1-4 Family Rider     ☐ Revocable Trust Rider
☐ Other(s) [specify]

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "Escrow Items" means those items that are described in Section 3.

(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security

Loan No: 125784389

< TN            H.L

Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q)   "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

## TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property located in the                County                of        KENT
                                            [Type of Recording Jurisdiction]                   [Name of Recording Jurisdiction]

SEE EXHIBIT A ATTACHED HERETO AND MADE A PART HEREOF

which currently has the address of                    22 IRON DRIVE
                                                            [Street]

WEST WARWICK                    , Rhode Island        02893                    ("Property Address"):
       [City]                                        [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1.   Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3.

Loan No: 125784389

S IN                    N.C

value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower as provided in Section 15. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by Applicable Law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. **Release.** Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall discharge this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. **No Outstanding Automatic Orders in Domestic Relations Cases.** Borrower hereby represents and warrants to Lender that either (a) there is no outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against any Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation or (b) there is an outstanding automatic order under Chapter 15-5 of the Rhode Island General Laws against a Borrower relating to a complaint for dissolution of marriage, legal separation, annulment, custody or visitation, and the other party that is subject to such order has consented to, or the court which issued the automatic order has issued another order authorizing, such Borrower's execution of the Note and this Security Instrument.

25. **Homestead Estate.** If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

_____ (Signatures on Following Page) _____

S IN

H∙L

Bk: 1845 Ps: 66

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_Pal B mcCly_
As to Both

_Sur_ _____ (Seal)
SOPHIN IN                         -Borrower

Address 22 IRON DRIVE, WEST WARWICK, RI 02893

_Hn Ly_ _____ (Seal)
HEE LY                            -Borrower
Hk HUI

Address 22 IRON DRIVE, WEST WARWICK, RI 02893

_____ (Seal)
                                  -Borrower

Address

_____ (Seal)
                                  -Borrower

Address

_____ [Space Below This Line For Acknowledgment] _____

State of  Rhode Island        §
                              §
County of  Providence         §

On this  15th  day of  march, dec 7th , in  Cranston
in said County, before me personally appeared  SOPHIN IN and HEE LY
                                                          HUI

each and all to me known, and known by me to be the party(ies) executing the foregoing instrument, and he/she/they acknowledged said instrument, by himself/herself/themselves executed to be his/her/their free act and deed.

_Pal B mcCly_
Notary Public  my commission expires 4

Loan No: 125784389
Rhode Island Mortgage-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        MERS Modified Form 3040  01/01 (Rev. 11/02)
—THE COMPLIANCE SOURCE, INC.—        Page 13 of 13        1430IRI 10/01 (Rev. 10/02)
www.compliancesource.com                                   ©2002, The Compliance Source, Inc.

Bk: 1845 Pg: 67

**EXHIBIT A**
**DESCRIPTION OF LAND**

that certain lot or parcel of land with all the buildings and improvements thereon,
situated at the northeasterly corner of New London Avenue and Iron Drive, in the Town
: West Warwick, County of Kent, State of Rhode Island, laid out and designated as
ot No. 30 (thirty) on that plat entitled, "LEDGEMONT HIGHLANDS WEST WARWICK, RHODE
SLAND BELONGING TO FERLAND CORPORATION BY WATERMAN ENGINEERING CO. OCT. 1970", which
lat is recorded with the office of the Town Clerk in said Town of West Warwick on
lat Card 232. Subject to easement and restrictions in Book 36, Page 439 of the Land
vidence Records of the Town of West Warwick.

roperty Address:
2 Iron Drive
ist Warwick, RI 02893

# MORTGAGE DEED

Sophia In of 22 Iron Dr, West Warwick RI 02893 for consideration paid, grant to Git Li Leung of 16 Apple Tree Lane, Johnston RI 02919.

With mortgage covenants, to secure the payment of Sixty Thousand 00/100 ($60,000.00) Dollars. Due and payable in full in Twelve (12) months without an interest on March 15th, 2007 to March 14th, 2008 as provided in a certain negotiable promissory note of even date herewith.

### SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF

This mortgage is made upon the statutory condition and with the statutory power of sale.

Witness my hand this 1st day of April, 2007. In Presence of:

_____   3/28/67
Sophin In                        Date

```
Received in West Warwick R.I.
Date Apr 05,2007 Time 03:29:30P
David D. Claxton, Town Clerk
INST:    00002308
Bk:    1850   Pg:        61
```

## STATE OF RHODE ISLAND COUNTY OF KENT

In West Warwick, on the 1st day of April 2007, before me personally appeared Sophin In To me known and known by me to the party executing the foregoing instrument. They acknowledge said instrument, by they executed to be them free act and deed.

_____   10/28/2010
Notary Public                    Exp. Date

LORI A. GOODEN, NOTARY PUBLIC
STATE OF RHODE ISLAND AND
PROVIDENCE PLANTATIONS
MY COMMISSION EXPIRES  10/28/2010

MAR-02-2007(FRI) 12:17                        (FAX)4019425142                  P. 006/013

**EXHIBIT A**
**DESCRIPTION OF LAND**

That certain lot or parcel of land with all the buildings and improvements thereon,
situated at the northeasterly corner of New London Avenue and Iron Drive, in the Town
of West Warwick, County of Kent, State of Rhode Island, laid out and designated as
Lot No. 30 (thirty) on that plat entitled, "LEDGEMONT HIGHLANDS WEST WARWICK, RHODE
ISLAND BELONGING TO FERLAND CORPORATION BY WATERMAN ENGINEERING CO. OCT. 1970", which
plat is recorded with the office of the Town Clerk in said Town of West Warwick on
Plat Card 232. Subject to easement and restrictions in Book 76, Page 439 of the Land
Evidence Records of the Town of West Warwick.

Property Address:
22 Iron Drive                                  Bk: 1850 Pg:        62
West Warwick, RI 02893

### PROMISSORY NOTE

Received in West Warwick R.I.
05, 2007 Time 03:30:07P
David D. Clayton, Town Clerk
INST# 00002309
Bk# 1850 Pg# 63

### BALLOON

**Sixty Thousand Dollars**
**($60,000.00)**

**Cranston, Rhode Island**

April 1st, 2007

FOR VALUE RECEIVED, Sophin In, of 22 Iron Dr, West Warwick RI 02893 (hereinafter referred to as the "Undersigned") hereby promised to pay to order of Git Li Leung, of 16 Apple Tree Lane, Johnston RI 02919 on Demand, the principal sum of SIXTY THOUSAND and 00/100 ($60,000.00) DOLLARS shall be paid in monthly installments in the amount of One Thousand and 00/100 ($1,000.00) dollars, without an interest for 12 months. Due on March 31st, 2008 with an outstanding balance. Note may be paid in full or part without any pre-payment penalty.

Thereafter, an interest rate of Twenty Four percent (24%) per annum. Payments shall be interest and principal, shall be paid in monthly installments for 1 year (12 Months) due on March 31st, 2009

If promissory note is not paid when due it shall be placed by the holder hereof in the hands of any attorney for collection through legal proceedings or otherwise, the Undersigned shall pay a reasonable attorney's fee for the holder hereof, together with the reasonable costs and expenses of collection.

The Undersigned expressly waives presentment, protest and notice of nonpayment.

_____ 3/27/07     _____ 3/27/07
**WITNESS**       **Date**     **by Sophin In**       **Date**

_____ 3/27/07     _____ 3/27/07
**WITNESS**       **Date**     **by Git Li Leung**       **Date**

EXHIBIT A
DESCRIPTION OF LAND        Bk: 1850 Ps: 64

That certain lot or parcel of land with all the buildings and improvements thereon,
situated at the northeasterly corner of New London Avenue and Iron Drive, in the Town
of West Warwick, County of Kent, State of Rhode Island, laid out and designated as
Lot No. 30 (thirty) on that plat entitled, "LEDGEMONT HIGHLANDS WEST WARWICK, RHODE
ISLAND BELONGING TO FERLAND CORPORATION BY WATERMAN ENGINEERING CO. OCT. 1970", which
plat is recorded with the office of the Town Clerk in said Town of West Warwick on
Plat Card 232. Subject to easement and restrictions in Book 76, Page 439 of the Land
Evidence Records of the Town of West Warwick.

Property Address:
22 Iron Drive
West Warwick, RI 02893

# 3. ASSIGNMENT

Received in West Warwick R.I.
Date Jul 16,2010  Time 11:26:47A
Deborah A. Tellier, Town Clerk
INST: 00002922
Bk: 2065  Pg: 303

## ASSIGNMENT OF MORTGAGE

***

Mortgage Electronic Registration Systems, Inc., holder of a mortgage from Sophin In and Hui Ly to IndyMac Bank, F.S.B. dated March 15, 2007, recorded with the West Warwick Land Records at Book 1845, Page 54 assigns said mortgage  to OneWest Bank, FSB., without recourse.

** on March 20, 2007 at 11:56 am

IN WITNESS WHEREOF, the said Mortgage Electronic Registration Systems, Inc. has caused its corporate seal to be hereto affixed and these presents to be signed, in its name and behalf by Thomas J. Walsh, Assistant Secretary and Vice President*

this  9ᵗʰ    day of December, 2009

Mortgage Electronic Registration Systems, Inc.

*** P.O. Box 2026, Flint, MI
**** 2900 Esperanza
Crossing, Austin, TX
78758

By: _____

Thomas J. Walsh, Assistant Secretary and Vice President*

*For signatory authority see Corporate Resolution at Book 1772, Page 304

The Commonwealth of Massachusetts

Middlesex, ss                                           December 9  , 2009

On this  9ᵗʰ   day of ____December____ 2009, before me, the undersigned notary public, personally appeared ___Thomas J. Walsh___ , proved to me through satisfactory evidence of identification, which were_____personal knowledge____, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he) signed it voluntarily for its stated purpose.

Capacity: as Assistant Secretary and Vice President*
for Mortgage Electronic Registration Systems, Inc.       )

_____           (Affix Seal)
Notary Signature
280908-0027

DEIRDRE HEADY
Notary Public
COMMONWEALTH OF MASSACHUSETTS
My Commission Expires
October 16, 2015

## ASSIGNMENT OF MORTGAGE

OneWest Bank, FSB, 888 E. Walnut Street Pasadena, CA 91101 holder of a mortgage from Sophin In and Hui Ly to Mortgage Electronic Registration Systems, Inc. dated March 15, 2007, and recorded with the Records of Land Evidence in the Town of West Warwick on March 20, 2007 at 11:56 at Book 1845, Page 54 assigns said mortgage and the note and claim secured thereby to Federal National Mortgage Association, International Plaza II 14221 Dallas Parkway Suite 1000 Dallas Texas 75254-2916

Property Address:      22 Iron Drive, West Warwick, RI 02893

IN WITNESS WHEREOF, the said OneWest Bank, FSB has caused its corporate seal to be hereto affixed and these presents to be signed, in its name and behalf by

this 1   day of ~~June~~ July, 2010

OneWest Bank, FSB

By: _____
      Elizabeth Hernandez        Authorized Signatory

Received in West Warwick R.I.
Date Jul 14, 2010 Time 11:27:46A
Deborah A. Tallier, Town Clerk
INST# 00002923
Bk: 2065   Pg: 304

The State of ~~Texas~~ Texas

~~June~~ July 1st, 2010

Travis , ss

On this 1st day of July 20 10, before me, the undersigned notary public, personally appeared ___Elizabeth Hernandez_____, proved to me through satisfactory evidence of identification, which were _personal knowledge_, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

Capacity: (as ___Authorized Signatory___ for OneWest Bank, FSB _____ )

_Emilee Pearce_____  (Affix Seal)
Notary Signature

My commission expires: 5-20-14

EMILEE K. PEARCE
Notary Public, State of Texas
My Commission Expires
May 20, 2014

# 4. MERS CONSENT ORDER