UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

SOPHIN IN and HUI IN )
)
Plaintiffs, )
)
v. ) C. A. No. 11-330-M-LDA
)
MORTGAGE ELECTRONIC )
REGISTRATION SYSTEMS, INC., et al., )
)
Defendants. )

## ORDER

Plaintiffs Sophin In and Hui In brought this case against Defendants after Defendant Fannie Mae foreclosed on their home in April of 2011. Before the Court is Defendants' Motion for Summary Judgment. (ECF No. 31). For the reasons stated below, Defendants' motion is GRANTED.

### I. FACTS

On March 15, 2007, the Ins executed a note for $334,000.00 and a mortgage as security to MERS as nominee for Lender and Lender's successors and assigns. (ECF No. 34 at ¶ 1). IndyMac Bank was the Lender. (*Id.* at ¶ 2). The mortgage was recorded. (*Id.* at ¶ 7). On December 9, 2009, MERS assigned the mortgage to One West. (*Id.* at ¶ 8). On July 1, 2010, One West assigned the mortgage to Fannie Mae; both assignments were recorded. (*Id.* at ¶¶ 8, 10). Fannie Mae provided the Ins with notice by mail and publication, and a foreclosure auction took place on April 25, 2011. (*Id.* at ¶¶ 12-14).

In their Complaint, Plaintiffs allege, among other things, that the assignment was void because there was no recorded power of attorney; MERS did not have the note and mortgage so

the assignment was void; Fannie Mae did not have note and mortgage so the foreclosure was illegal; only the lender could invoke the statutory power of sale; only the lender could publish notice of sale as required in mortgage in paragraph 22; and the note is current or has been satisfied. Defendants deny these allegations and moved for summary judgment on factual and legal grounds.

## II. STANDARD OF REVIEW

Generally, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in his [or her] favor. *Wilson v. Moulison N. Corp.*, 639 F.3d 1, 6 (1st Cir. 2011). However, the non-moving party "must point to 'competent evidence' and 'specific facts' to stave off summary judgment." *Tropigas de P.R., Inc. v. Certain Underwriters at Lloyd's of London*, 637 F.3d 53, 56 (1st Cir. 2011) (quoting *McCarthy v. Nw. Airlines, Inc.*, 56 F.3d 313, 315 (1st Cir. 1995)).

In order to defeat a properly supported motion for summary judgment, therefore, the nonmoving party must establish a trial-worthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." *Goldman v. First Nat'l Bank of Boston*, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, (1985)). A summary judgment motion cannot be defeated by "conclusory allegations, improbable inferences, acrimonious invective, or rank speculation." *Ahern v. Shinseki*, 629 F.3d 49, 54 (1st Cir. 2010). When reviewing the evidence in the record in the light most favorable to the nonmovant, the Court must "safely ignor[e] 'conclusory allegations, improbable inferences, and unsupported speculation.'" *Colon-Fontanez v. San Juan*, 660 F.3d 17, 27 (1st Cir. 2011)

(quoting *Carroll v. Xerox Corp.*, 294 F.3d 231, 237 (1st Cir. 2002)). The Court must constrain itself to determining matters of law. *See* Fed. R. Civ. P. 56.

## III. ANALYSIS

The Ins did not oppose Defendants' motion. Looking solely at their complaint, however, their allegations are very similar if not identical in all relevant factual and legal respects to the complaints filed in *Clark v. Mortg. Elec. Registration Sys., Inc.*, C.A. No. 12-802, —— F. Supp. 2d ——, 2014 WL 1259954 (D.R.I. March 27, 2014) and *Era v. Morton Cmty Bank*, C.A. No. 11-455-M, —— F. Supp. 2d ——, 2014 WL 1265699 (D.R.I. Mar. 28, 2014). The parties chose *Clark* and *Era* to be exemplar cases in order to establish precedent on legal issues common to a majority of the mortgage foreclosure cases. The Court ultimately held in *Clark* and *Era* that, based on First Circuit Court of Appeals and Rhode Island Supreme Court precedent, those plaintiffs lacked standing because the allegations were merely that the assignments were voidable as opposed to void and also that the challenges had no basis in the law as it has developed. *See Wilson v. HSBC Mortg. Serv.*, 744 F.3d 1 (1st Cir. 2014); *Culhane v. Aurora Loan Servs. of Neb.*, 708 F.3d 282 (1st Cir. 2013); *Bucci v. Lehman Bros. Bank, FSB*, 68 A.3d 1069 (R.I. 2013); *Mruk v. Mortg. Elec. Registration Sys., Inc.*, 82 A.3d 527 (R.I. 2013); *Moura v. Mortg. Elec. Registration Sys., Inc.*, 2014 WL 1998742 (R.I. May 16, 2014); *Ingram v. Mortg. Elec. Registration Sys., Inc.*, 94 A.3d 523 (R.I. 2014). The Court dismissed *Clark* and *Era*, and many other similar mortgage foreclosure cases, on those grounds.

The Ins' case must suffer the same fate. The Ins do not present *any* evidence, let alone competent evidence in opposition to Defendants' motion for summary judgment and the law has not developed in their favor. *Bucci* and *Moura* validated the MERS system and MERS' role as nominee on behalf of the note owner. *See also Ingram v. Mortg. Elec. Registration Sys., Inc.*, 94

A.3d 523 (R.I. 2014) (the assignee of lender's nominee acquired all the rights that the nominee possessed, including the right to exercise the power of sale over mortgaged property). Under the facts of this case, because MERS had the power to foreclose as mortgagee, once MERS assigned to Fannie Mae, it had the same power. Moreover, in the face of the In's allegation that Fannie Mae could not foreclose because it did not hold both the note and mortgage, the Rhode Island Supreme Court held that "the note and the mortgage [does] not need to be held by one entity" in order to exercise the statutory power of sale. *Mruk*, 82 A.3d at 537 (citing *Bucci*, 68 A.3d 1084-85).

Based on the undisputed facts in evidence, the Ins executed a note and a mortgage to MERS as nominee for IndyMac Bank as the Lender. MERS assigned the mortgage to One West and One West assigned the mortgage to Fannie Mae. When the Ins went into default on the mortgage, Fannie Mae invoked the statutory power of sale as was permitted under the mortgage document and prevailing law. Fannie Mae notified the Ins by mail and publication prior to conducting a foreclosure auction on April 25, 2011. The Ins' substantive challenges to MERS' and Fannie Mae's authority have no basis in law and, even if they did, their arguments relating to the assignments are merely that they were voidable, not void, divesting them of standing to raise these issues. *See Wilson*, 744 F.3d 1; *Culhane*, 708 F.3d 282.

Therefore, Defendants' Motion for Summary Judgment (ECF No. 31) is GRANTED. The case is dismissed as to all Defendants and all claims. Judgment shall enter for all Defendants on all claims.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

January 7, 2015